IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TOLEDO ELECTRICAL WELFARE FUND,

                       Plaintiff,         Case No. 3:04 CV 7722

    -vs-

                                     O R D E R

N. W. OHIO BUCKEYE ELECTRIC,
LTD., et al.,

                       Defendant.

KATZ, J.

      Before the Court is N.W. Ohio Buckeye Electric's (NWO) motion for reconsideration of this Court's order denying leave to file attorney's fees petition (Doc. 214). Also before the Court is Toledo Electrical Welfare Fund's (Fund) motion for request for a hearing on NWO's motion for reconsideration (Doc. 217).

      On August 20, 2008, this Court issued a final and appealable order. The Court ruled that NWO is not obligated to make contributions beyond June 2003. It is consistent with the opinion that the Fund's arguments in the alternative were granted in favor of NWO. Thus, the Court denied Fund's motion for summary judgment and granted NWO's motion for summary judgment on the claims: (1) for an order to audit; (2) for failure to make fringe benefit payments under ERISA § 515; and, (3) for alter ego status and claims of joint and several liability. The Court denied NWO's motion for summary judgment for punitive damages against the Fund. The Court did not address attorney's fees, but they are denied against the Fund because the Fund lost on the primary claims.

      Furthermore, the Court granted in part and denied in part NWO's motion for summary judgment against the Union. It is consistent with the opinion that the Court granted the Union's

motion for summary judgment on NWO's claims of: fraud in the execution, fraud in the inducement, fraudulent misrepresentation, and negligent representation fraud, because they were arguments in the alternative (i.e., NWO only meant to make these arguments if they were found liable to the Fund). The Court denied in part and granted in part NWO's motion for summary judgment against the Union on the declaratory judgment claim, concluding that the CBA is void due to the reasons discussed in the opinion.

The Court denied the Union's motion for summary judgment and granted NWO's motion for summary judgment on the claim to enforce the arbitration award. The Court vacated the award. The Court granted the Union's motion for summary judgment for joint and several liability against NWO because NWO was found not liable.

On September 19, 2008 the Court reviewed NWO's motion for leave to file a petition for attorneys' fees and costs (Doc. 211) and International Brotherhood of Electrical Workers Local 8's brief in opposition to the motion (Doc. 212). In light of Fed. R. Civ. P. 54(d)(2)(B)(i), NWO's motion was denied.

For the reasons stated in the September 19, 2008 opinion, NWO's motion for reconsideration of this Court's order denying leave to file attorney's fees petition (Doc. 214), and the Fund's motion for request for a hearing on NWO's motion for reconsideration (Doc. 217), are denied.

IT IS SO ORDERED.

   S/ *David A. Katz*  
DAVID A. KATZ  
U. S. DISTRICT JUDGE